IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HOMER AUTRY THOMPSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-80 (MTT) |
| PHOENIX PROPERTY MANAGEMENT INC., | ) |
| Defendant. | ) |

## ORDER

Defendant Phoenix Property Management, Inc. removed this action from the State Court of Bibb County, Georgia on February 27, 2025.  Doc. 1.  The Plaintiff, Homer Thompson, has moved to remand, claiming that Phoenix has failed to prove that the amount in controversy is sufficient for the Court to assert subject matter jurisdiction over this action.  Doc. 9.  For the following reasons, Thompson's motion to remand (Doc. 9) is **DENIED**.

### I. STANDARD

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between … citizens of different States."  28 U.S.C. § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).  And "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Thompson does not dispute that there is complete diversity of citizenship, so the only issue is whether the amount in controversy exceeds $75,000.

Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 752 (internal quotation marks and citation omitted).  The removing defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "even when the complaint does not claim a specific amount of damages[,]" or with the use of additional evidence demonstrating removal is proper. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and citations omitted).  Any uncertainties should be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

## II. DISCUSSION

Thompson alleges that he was stabbed[1] on Phoenix's property on December 18, 2023 and that he was "seriously wounded" as a result.  Docs. 1-2 ¶¶ 7-10; 9-1 at 1. Thompson filed this action in the Bibb County State Court on January 28, 2025,

---

[1] In his complaint, Thompson alleges he was shot on December 18.  Doc. 1-2 ¶ 7.  However, in his motion to remand, he states that he was stabbed.  Doc. 9-1 at 1.  His medical records confirm that he was stabbed multiple times on December 18.  Doc. 17.

claiming that he was stabbed because Phoenix negligently failed to keep its property safe from known criminal activity.  Doc. 1-2 at 3-11.  Thompson claimed damages for "personal injuries," "pain and suffering," "mental anguish, fright, shock, and terror," "lost wages and earning capacity," "consequential damages to be proven at trial," and "punitive damages."  Doc. 1-2 at 8-9.  However, Thompson did not specify the amount of damages he seeks.[2]

In his motion to remand, Thompson argues that Phoenix failed to meet its burden of proving that the amount in controversy was above $75,000.  Doc. 9.  Although Thompson did not plead a specific amount of damages, Phoenix argues that it is apparent from the face of Thompson's complaint that the amount in controversy exceeds $75,000.  Doc. 14.  Further, Phoenix argues that even if not apparent on the face of the complaint, Thompson's medical records demonstrate that the amount in controversy meets diversity jurisdiction requirements.[3]  Docs. 14; 17.  The Court agrees.

Again, Thompson alleges that the stabbing left him "seriously wounded."  Doc. 1-2 at 5.  His medical records reveal that he was transported to the hospital in an ambulance, that he spent four days in the hospital, that he underwent surgery for multiple stab wounds, and that he went to follow-up visits and received an MRI scan after he was discharged from the hospital.  Docs. 14-1 at 2; 17 at 11, 50, 108, 213.  In the Court's experience, the total medical expenses alone for the treatment that Thompson received likely exceed $75,000. And in the Court's experience, the "value" of Thompson's remaining damages—personal injuries, pain and suffering, mental

---

[2] Thompson alleges that he incurred special damages for medical expenses but fails to allege the amount of those damages, instead referring to the total expenses as "**$TBD**."  Doc. 1-2 at 9.

[3] Thompson did not reply to Phoenix's argument, and the deadline for a reply has passed.

anguish, lost earning capacity, and punitive damages—would be double or triple that. Doc. 1-2 at 10.  Thus, Thompson's complaint and his medical records provide the Court with sufficient information to infer that the amount in controversy is over $75,000.  *See Roe*, 613 F.3d at 1061-62 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010)) (holding that a court may make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' to determine whether it is facially apparent that a case is removable.").  The Court, therefore, has subject matter jurisdiction over this action.

### III. CONCLUSION

Phoenix has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Accordingly, Thompson's motion to remand (Doc. 9) is **DENIED**.

**SO ORDERED**, this 24th day of April, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT