IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HOMER AUTRY THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:25-CV-80 (MTT) |
| | ) |
| PHOENIX PROPERTY MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

# ORDER

Plaintiff Homer Autry Thompson brought this action against his landlord, Phoenix Property Management ("Phoenix"), to recover for injuries he sustained when he was stabbed while on Phoenix's premises. Doc. 27. Phoenix has moved to dismiss Thompson's complaint. Doc. 28. For the following reasons, Phoenix's motion to dismiss (Doc. 28) is **GRANTED** and this action is **DISMISSED without prejudice**.[1]

## I. BACKGROUND

**A. Factual Background**

During the relevant time, Thompson lived at Vineville Tower, an apartment building in Macon, Georgia, owned by Phoenix. Doc. 27 ¶ 5. On December 18, 2023,

---

[1] Phoenix's previously filed motions to dismiss (Docs. 5; 22) and motions to stay (Docs. 6; 23) are **TERMINATED** as moot.

Thompson was stabbed in Vineville Tower's lobby by Garvin Woodrow.[2]  *Id.* ¶ 6.  Thompson alleges that on the day of the stabbing, he rode the elevator to the lobby of the building and as the elevator doors opened, Woodrow was "standing in front of the doorway."  *Id.* ¶ 15.  Another individual, David Denny, was also in the lobby.  *Id.* ¶ 14.  Woodrow "began arguing with both men without provocation."  *Id.* ¶ 11.  According to Thompson, Woodrow then "used a knife to hold the elevator doors open."  *Id.* ¶ 16.  Denny temporarily disarmed Woodrow by kicking and tackling him.  *Id.* ¶ 17.  However, Woodrow "retrieved the knife and began walking toward the back exit of the building."  *Id.* ¶ 18.  Thompson alleges that he "attempted to prevent [Woodrow] from leaving by blocking the back door."  *Id.* ¶ 19.  Woodrow "responded by grabbing [Thompson] by the neck, punching him in the face, and stabbing him twice in the stomach."  *Id.* ¶ 20.  Thompson alleges that "Garvin Woodrow was negligently allowed to enter the Premises because [Phoenix] failed to implement adequate security to prevent individuals like the assailant[] from entering the Premises."  *Id.* ¶ 22.

**B. Procedural History**

Thompson filed this action in the State Court of Bibb County on January 28, 2025.  Doc. 1-2.  On February 27, 2025, Phoenix removed the case to this Court.  Doc. 1.  Phoenix then moved to dismiss and stay this action.  Docs. 5; 6.  Thompson moved to remand.[3]  Doc. 9.  The Court denied Thompson's motion to remand and ordered him

---

[2] Thompson's complaint refers to Thompson's attacker as "Garvin Woodrow." *See, e.g.,* Doc. 27 ¶ 6.  Phoenix's motion to dismiss refers to him as "Woodrow Garvin."  *See, e.g.,* Doc. 28 at 1.  The Court will refer to Thompson's attacker as "Woodrow."

[3] In his motion to remand, Thompson argued that Phoenix had not carried its burden of demonstrating that the amount in controversy was above the $75,000 threshold for diversity jurisdiction.  Doc. 9.  The Court ruled that although Thompson had not specifically pled his amount of damages, his "complaint and his medical records provide[d] the Court with sufficient information to infer that the amount in controversy is over $75,000."  Doc. 19 at 4.

-2-

to amend his complaint to correct the alleged deficiencies and plead his special damages as required by Rule 9(g) of the Federal Rules of Civil Procedure. Docs. 19; 20.

Thompson filed his first amended complaint, and Phoenix again moved to dismiss. Docs. 21; 22. In response to Phoenix's motion to dismiss, Thompson requested leave to amend his complaint a second time to incorporate a police report detailing the stabbing. Doc. 24 at 2. The Court granted Thompson's request, and Thompson filed a second amended complaint. Doc. 27.

In his second amended complaint, Thompson asserts five "claims": (1) negligent security, (2) maintaining a nuisance, (3) "damages," (4) punitive damages, and (5) attorney's fees and other litigation expenses. Doc. 27. Phoenix now moves to dismiss Thompson's second amended complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 28.

## II. STANDARD

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are 'merely consistent with a defendant's liability' fall short of

being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41 (1957)).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

## III. DISCUSSION

Thompson's second amended complaint attempts to assert two claims—one for negligent security and the other for maintaining a nuisance.  Doc. 27 ¶¶ 23-41.  His remaining "claims" seek remedies for Phoenix's alleged negligence and maintenance of a nuisance.  *Id.* ¶¶ 42-51.  Phoenix argues that Thompson fails to state a claim for negligent security and maintaining a nuisance because Thompson's second amended complaint consists of conclusory allegations and because Thompson fails to plausibly

allege that Phoenix knew of circumstances from which it was reasonably foreseeable that a stabbing would occur.[4]  Doc. 28.  The Court agrees.

**A. Negligent Security**

Phoenix first argues that Thompson has failed to state a claim for negligent security because his claim consists entirely of conclusory allegations and "contains no information about the location, quantity, or nature of any crime occurring prior to the Subject Incident."  Doc. 28 at 13-14.

"As a general rule, in order to recover on a premises liability claim arising from third-party criminal conduct, a plaintiff must present evidence of a duty, a breach of that duty, causation, and damages."  *Georgia CVS Pharmacy, LLC v. Carmichael*, 316 Ga. 718, 722, 890 S.E.2d 209, 219 (2023).  A property owner owes its invitees[5] a duty "to exercise ordinary care in keeping the premises and approaches safe."  O.C.G.A. § 51-3-1.  However, a proprietor "is not an insurer of an invitee's safety."  *Charmichael*, 316 Ga. at 721, 890 S.E.2d at 219.  Thus, a proprietor only owes a duty to protect against third-party criminal activity that is reasonably foreseeable.  *See id.* at 723, 890 S.E.2d at 220.  To determine if third-party criminal activity is reasonably foreseeable, courts ask "whether the totality of the circumstances establishes reasonable foreseeability such that the proprietor has a duty to guard against that criminal activity."  *Id.* at 732, 890

---

[4] Phoenix also argues that Georgia law's mutual combatant doctrine bars Thompson's recovery and that Thompson fails to plausibly allege causation.  Doc. 28 at 9-12.  Because the Court concludes that Thompson fails to otherwise state a claim, it need not address those arguments.

[5] No party disputes that Thompson, as a tenant in Vineville Tower, was Phoenix's invitee at the time of the stabbing.  *See Stanton v. Griffin*, 361 Ga. App. 205, 207, 863 S.E.2d 548, 551 (2021) (quoting *Howard v. Gram Corp.*, 268 Ga. App. 466, 467, 602 S.E.2d 241 (2004) ("The general test as to whether a person is an invitee or a licensee is whether the injured person at the time of the injury had present business relations with the owner of the premises which would render his presence of mutual aid to both.")).

S.E.2d at 226.  "The facts establishing foreseeability in a particular case may vary, but evidence of substantially similar prior criminal activity is typically central to the inquiry."  *Id.* at 727, 890 S.E.2d at 223.

Here, Thompson has failed to plausibly allege that Woodrow's attack was reasonably foreseeable.  First, Thompson alleges that Phoenix "knew Vineville Tower was an unsafe apartment complex and located in a high crime area and failed to keep the Premises safe."  Doc. 27 ¶ 23.  However, "an assertion that a business is situated in a 'high-crime area' is not, on its own, sufficient to establish a duty to keep the premises safe from every conceivable crime."  *Carmichael*, 316 Ga. at 728 n.9, 890 S.E.2d at 224 n.9.

Next, Thompson alleges that Phoenix "had actual and constructive knowledge of criminal activity…. [a]s indicated by lawsuits filed against the management company in Bibb County State Court."  Doc. 27 ¶ 25.  But in his response to the Phoenix motion to dismiss his second amended complaint, Thompson acknowledges that "no lawsuits have been filed against [Phoenix] in Bibb County State Court relating to any crimes on the Subject Premises, other than an unrelated slip and fall case."[6]  Doc. 31 at 14.  And even if Thompson's allegation were true, Phoenix's knowledge of general "criminal activity" is not enough.  To state a claim, Thompson must plausibly allege that, based on the totality of the circumstances, Phoenix had reason to anticipate "the dangerous condition which resulted in the litigated [incident]."  *Sturbridge Partners v. Walker*, 267

---

[6] Thompson's lawyers should review Fed. R. Civ. P. 11.  If they refile this case and it is removed to this Court, there will be a discussion of Rule 11.

Ga. 785, 786, 482 S.E.2d 339, 339 (1997) (citation omitted).  Thompson's vague, and now admittedly false, allegation of past lawsuits alleging "criminal activity" is insufficient.

Thompson also cites three Google reviews to support his argument that Phoenix had a duty to protect him from Woodrow.  Doc. 31 at 15.  The first review claims that Phoenix removed security guards from Vineville Tower "over eight years ago."  Doc. 27 ¶¶ 29, 38.  Assuming that Phoenix owned Vineville Tower over eight years ago,[7] Thompson does not allege why the security guards were removed, whether other security measures were taken at Vineville Tower, or whether Phoenix knew of conditions that would require security guards on the premises.  Pointing to the absence of security guards at Vineville Tower, without plausibly alleging that Phoenix knew of conditions that necessitated such guards, is insufficient to state a claim for negligent security.  See Matt v. Days Inns of America, Inc., 212 Ga. App. 792, 798, 443 S.E.2d 290, 295-96 (1994) (Andrews, J., dissenting) ("As to the claim that security was inadequate, knowledge of a dangerous condition giving rise to the present shooting 'would be necessary, in order to show the existence of even an initial duty on the part of [the defendant] to provide preventative security measures.'" (quoting Bishop v. Magal Bhai Enterprises, 194 Ga. App. 874, 877, 392 S.E.2d 535, 538 (1990))).

The remaining two Google reviews cited by Thompson discuss the presence of drug dealers on Vineville Tower's premises.  Doc. 27 ¶¶ 39, 40.  However, both reviews

---

[7] Phoenix asks the Court to take judicial notice of the property's deed, which reveals that Phoenix acquired Vineville Tower in July 2022.  Doc. 28-2.  "Generally, when considering a motion to dismiss, the district court must limit its consideration to the pleadings and any exhibits attached to it."  Baker v. City of Madison, Alabama, 67 F.4th 1268, 1276 (11th Cir. 2023).  That general rule has two exceptions: (1) the judicial notice exception, and (2) "the incorporation-by-reference doctrine."  Id.  Here, the deed to Vineville Tower is a public record of which the Court can take judicial notice. See Cobb v JPMorgan Chase, LLC, 2011 WL 13221045, at *1 n.4 (N.D. Ga. Dec. 28, 2011).  In any event, the removal of security guards eight years prior to the stabbing does not demonstrate reasonable foreseeability of a stabbing.

were posted well after the stabbing.[8]  *Id*.  The post-stabbing Google reviews are, therefore, irrelevant to whether Phoenix had sufficient information to reasonably foresee Woodrow's criminal activity at the time Thompson was attacked.  *See Carmichael*, 316 Ga. at 724-25, 890 S.E.2d at 221 (explaining that the determination of whether a landowner owed a duty to its invitee "will often turn on factual questions, such as the nature of the crimes, if any, that *previously* occurred on or near the premises." (emphasis added)).

Finally, Thompson cites a Bibb County crime analysis report, filed as an exhibit to his brief in response to Phoenix's motion to dismiss, to support his argument that Phoenix reasonably foresaw a potential stabbing.  Doc. 31-2.  As an initial matter, it is unlikely that the Court can consider this report on a motion to dismiss because it is not part of Thompson's pleadings and it is not a document of which the Court can take judicial notice.[9]  But even if the Court could consider the crime report, it does not help Thompson.  The report provides, without elaboration, that a total of six crimes were committed at Vineville Tower between 2022 and 2023—two larcenies in 2022, one

---

[8] One review was posted eleven months before Thompson filed his second amended complaint.  Doc. 27 ¶ 39.  The other review was posted four months before the filing of the second amended complaint.  *Id*. ¶ 40.

[9] As noted above, the Court may only consider documents outside of the pleadings in two circumstances, none of which apply here.  *See supra* note 7.  First, Thompson's complaint makes no mention of the crime report, so the report cannot be incorporated by reference.  Second, a court may only take judicial notice of "sources whose accuracy cannot be reasonably questioned."  *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (quoting Fed. R. Evid. 201); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (applying Fed. R. Evid. 201 when considering whether to take judicial notice of a document outside the pleadings on a motion to dismiss).  Thompson's crime report contains no identifying information to verify the source or accuracy of the records.  Thus, absent information verifying its source, it is unlikely that the Court can consider the crime report for purposes of this motion to dismiss.

aggravated assault in 2023,[10] two entering automobiles in 2023, and one larceny in 2023.  *Id*.  The report makes no mention of when these crimes occurred, how these crimes occurred, whether the crimes occurred indoors or outdoors, or whether the crimes involved the use of weapons.  *Id.*  General crime statistics, once again, are not enough to plausibly allege that Phoenix should have reasonably foreseen, and thus had a duty to protect against, the stabbing.

Accordingly, Thompson's negligent security claim is **DISMISSED without prejudice**.

**B. Maintaining a Nuisance**

Phoenix next argues that Thompson fails to state a claim for maintaining a nuisance because his claim contains nothing but conclusory allegations.  Doc. 28 at 14-16.  The Court agrees.

"To prevail on a nuisance claim, the plaintiff must establish that the 'defendant created or maintained a continuous or regularly repeated act or condition on the property, which led to the plaintiff's injury."  *Tuscany Condominium Assoc., Inc. v. C.P.*, 2025 WL 1822578, at *10 (Ga. Ct. App. July 2, 2025).  Georgia courts have recognized that third-party criminal conduct may serve as the basis of a nuisance claim if the plaintiff alleges "that the building was currently and regularly being used for criminal activity of the kind that caused her injury."  *Barnes v. St. Stephen's Missionary Baptist Church*, 260 Ga. App. 765, 769, 580 S.E.2d 587, 591 (2003).

Again, Thompson has not plausibly alleged that criminal activity similar to a stabbing *ever* occurred on the Vineville Tower property, much less that such criminal

---

[10] In his response brief, Thompson admits that the aggravated assault reported in 2023 was the stabbing at issue.  Doc. 31 at 13.

activity was a "continuous or regularly repeated act." *Id.* Thus, Thompson has not plausibly alleged that Phoenix maintained a nuisance at Vineville Tower.

Thompson further alleges, again in conclusory fashion, that Phoenix is liable for maintaining a nuisance because it "was and is negligent per se." Doc. 27 ¶ 34. But Thompson cites no fact, statute, or ordinance that would provide the foundation for such a claim. *See Kearney v. Oppenheimer*, 375 Ga. App. 254, 915 S.E.2d 708, 719 (2025) ("Generally speaking, negligence per se 'arises when a statute or ordinance is violated'" (quoting *Mercy Housing Georgia III, L.P. v. Kappa*, 368 Ga. App. 270, 274, 888 S.E.2d 346, 350 (2023))).

Thompson's Maintaining a Nuisance claim is, therefore, **DISMISSED without prejudice.**

## IV. CONCLUSION

Thompson has failed to plausibly allege a claim for relief. Accordingly, Phoenix's motion to dismiss (Doc. 28) is **GRANTED** and this action is **DISMISSED without prejudice.**[11]

**SO ORDERED**, this 10th day of September, 2025.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[11] The Court, in the exercise of its discretion, elects to dismiss without prejudice. *See McNair v. Jonhson*, 143 F.4th 1301, 1307 (11th Cir. 2025) ("[D]ismissal without prejudice generally will not be deemed to constitute an abuse of discretion."); *Moskovits v. Aldiridge Pite, LLP*, 677 Fed. App'x 510, 516 (11th Cir. 2017) ("In general, a dismissal without prejudice is not an abuse of discretion and should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit." (citing *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1938)). However, current counsel for the plaintiff are reminded of footnote six.